Fred A. **LEISTIKO**, Plaintiff–Appellant,

v.

Michael P.W. **STONE**, Secretary of the Army; National Guard Bureau; Richard C. Alexander, the Adjutant General, State of Ohio, Defendants–Appellees.

No. 96–3654.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 27, 1997.

Decided Jan. 23, 1998.

Rehearing and Suggestion for Rehearing En Banc Denied March 4, 1998.

**818**

Michael Drain (argued & briefed), Constance L. Leistiko (briefed), Chagrin Falls, OH, for Plaintiff-Appellant.

Michael Anne Johnson, Asst. U.S. Attorney (argued & briefed), Cleveland, OH, for Defendants-Appellees.

Before: MARTIN, Chief Judge and KENNEDY and NELSON, Circuit Judges.

## OPINION

PER CURIAM.

The plaintiff in this wrongful discharge case was employed as a Supervisory Aircraft Pilot under the National Guard Technicians Act, 32 U.S.C. § 709. Although the plaintiff was a federal employee, his employment was "administered" by the Ohio Adjutant General, acting as the designee of the Secretary of the Army.

The Adjutant General's Department terminated the plaintiff's employment after the plaintiff was removed from flying status for medical reasons. Contending that it was not a requirement of his job that he be on flying status, the plaintiff brought suit in federal court. In an amended complaint he alleged violations of his rights under the United States Constitution, the Administrative Procedure Act, the National Guard Technicians Act, the Rehabilitation Act, and the Veterans Reemployment Rights Act.

The amended complaint was met by a motion seeking summary judgment on the Rehabilitation Act claim and dismissal of the remaining causes of action on jurisdictional grounds and for failure to state a claim upon which relief could be granted. The district court granted the motion in its entirety. *Leistiko v. Sec'y of the Army*, 922 F.Supp. 66 (N.D.Ohio 1996). For the reasons stated below, we shall affirm the judgment.

### I

The plaintiff, Fred A. Leistiko, was a lieutenant colonel in the National Guard and a civilian member of the "excepted service" of the United States.[1] In the latter capacity he was one of the "technicians" employed in "the administration and training of the National Guard." See 32 U.S.C. § 709(a)(1). Except as the secretary of one of the military services may otherwise prescribe, such technicians are required to maintain membership in the National Guard, to hold a prescribed military grade, and to wear the appropriate uniform at work. See 32 U.S.C. § 709(b).

As indicated above, the technician position occupied by Col. Leistiko was that of "Supervisory Aircraft Pilot." In this capacity he functioned as Facility Commander of Army

---

**1.** Under the Civil Service Reform Act of 1978, Pub.L. 95–454, the civil service has three main classifications: the "senior executive service," the "competitive service," and the "excepted service." See *United States v. Fausto*, 484 U.S. 439, 441 n. 1, 108 S.Ct. 668, 670 n. 1, 98 L.Ed.2d 830 (1988), for a thumbnail sketch of each category.

Aviation Support Facility # 1 in North Canton, Ohio.

On May 18, 1990, Col. Leistiko suffered an apparent *grand mal* seizure during a military helicopter flight. The incident left him with a permanent heart arrhythmia. An army doctor recommended that he be medically disqualified from further aviation service, and the National Guard Bureau subsequently removed him from flight status. He retained his status as a "rated aviator," but he could no longer fly as a pilot in command of a military aircraft.

The position description for the particular facility commander's job held by Col. Leistiko stated that "[t]he incumbent must be a rated aviator." The Ohio Adjutant General's Department apparently took this to mean that the incumbent was required to be on flight status.[2] In a "Thirty Day Notice" dated 27 September 1990, the departmental personnel officer advised Col. Leistiko that his employment as a technician would be terminated for failure to meet the requirements of his position. The notice made reference to Technician Personnel Regulation 715, Chapter 2 of which says that failure to meet a requirement of the position necessitates removal from the job. Among the more common situations involving failure to meet a job requirement, according to § 2–2a(4) of the regulation, is "[f]ailure to maintain flying status."

Convinced that the regulation had been misapplied, Col. Leistiko attempted unsuccessfully to obtain administrative relief. These efforts were followed by the filing of two separate lawsuits against the Secretary of the Army, the National Guard Bureau, and the Adjutant General of the State of Ohio. The lawsuits were ultimately consolidated before District Judge David A. Katz, and the plaintiff filed an amended complaint setting forth three causes of action.

In his first cause of action the plaintiff alleged that the defendants, acting arbitrarily and capriciously and in violation of their regulations and the Administrative Procedure Act (5 U.S.C. §§ 701 *et seq.*), had deprived him of a property interest in his continued employment—and had done so without proper notice, without a hearing, and without due process of law. In his second cause of action, asserted only against the Secretary of the Army, the plaintiff alleged violations of the Rehabilitation Act of 1973 (29 U.S.C. §§ 791 and 794) and the Administrative Procedure Act. In his third cause of action the plaintiff pleaded violations of the Veterans Reemployment Rights Act (now codified at 38 U.S.C. §§ 4301 *et seq.*) and the Administrative Procedure Act.

The defendants moved for dismissal of the first and third causes of action pursuant to Rules 12(b)(1) and (6), Fed.R.Civ.P., and the Secretary of the Army moved for summary judgment on the second cause of action under Rule 56(c). The plaintiff has perfected a timely appeal from the judgment granting the defendants' motion.

## II

Whether or not the Ohio Adjutant General's Department misapplied Technician Personnel Regulation 715—and for purposes of analysis we assume, without so deciding, that the regulation was in fact misapplied— we are satisfied, upon *de novo* review of the record, that the Civil Service Reform Act of 1978 precludes the federal courts from adjudicating the plaintiff's first cause of action. This branch of the amended complaint thus fails to state a claim upon which relief can be granted.

As the Supreme Court explained in *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), the Civil Service Reform Act " 'comprehensively overhauled the civil service system,' . . . creating an elaborate 'new framework for evaluating adverse personnel actions against [federal employees]'. . . ." *Fausto,* 484 U.S. at 443, 108 S.Ct. at 671, quoting *Lindahl v. OPM,* 470 U.S. 768, 773, 105 S.Ct. 1620, 1624, 84 L.Ed.2d 674

---

**2.** Although the Department may have misinterpreted the position description itself, the defendants point out that the Army National Guard flight regulations, NGR 95–1, use the term "AATS commander" to refer to an officer who is not only a rated aviator but is "on current NGB Aviation Service Orders" as well. We do not understand Col. Leistiko to be contending that he was on current aviation service orders after his flight status was canceled.

(1985). Chapter 75 of the Act covers, among other things, "a removal" (see 5 U.S.C. § 7512), and a federal employee who is the subject of a removal or other covered personnel action normally has a number of substantive and procedural rights under the statute. See 5 U.S.C. § 7513. But where the Act excludes a civil servant from the definitional sections of Chapter 75, *Fausto* holds, the exclusion "displays a clear congressional intent to deny the excluded employee[ ] the protections of Chapter 75—including judicial review—for personnel action covered by that chapter." *Fausto,* 484 U.S. at 447, 108 S.Ct. at 673.

Chapter 75, by its express terms, "does not apply to an employee ... who is described in [5 U.S.C.] section 8337(h)(1), relating to technicians in the National Guard ... " 5 U.S.C. § 7511(b)(5). The employees described in § 8337(h)(1) are those "employed under [32 U.S.C. § 709(a) ] who, as a condition of the employment, [are] required under [32 U.S.C. § 709(b) ] to be ... member[s] of the National Guard and to hold a specified military grade."

It is undisputed that Col. Leistiko was employed as a technician under 32 U.S.C. § 709(a) and that, as a condition of employment, he was required under § 709(b) to be a member of the National Guard and to hold a specified military grade. Because Col. Leistiko has thus been excluded from the protections of Chapter 75, the logic of *Fausto* is that his removal from the technician's position is not subject to judicial review.

A case almost squarely in point is *Booth v. United States,* 990 F.2d 617 (Fed.Cir.1993), where *Fausto* 's interpretation of the Civil Service Reform Act was held to preclude judicial review of the removal of a Minnesota National Guardsman from his employment as a § 709 technician. Col. Leistiko has offered no significant refutation of the defendants' argument that the *Booth* decision should be followed here, and we see no reason not to follow it.

The fact that Col. Leistiko attempted to constitutionalize his wrongful discharge claim by pleading violations of his rights under the Fifth and Fourteenth Amendments does not affect the result, in our view. The reasoning of *Fausto* and *Booth* does not depend on whether constitutional violations are alleged. At oral argument before this court, moreover, counsel for Col. Leistiko disclaimed any intent to pursue the constitutional claims.

■ The force of *Fausto* and *Booth* is in no way blunted by 28 U.S.C. § 1331, which gives the federal district courts original jurisdiction of civil actions arising under the Constitution, laws or treaties of the United States. Jurisdictional statutes such as this, moreover, do not operate as waivers of sovereign immunity. *Carelli v. Internal Revenue Service,* 668 F.2d 902, 904 (6th Cir.1982).

■ Congress, in our opinion, has not provided Col. Leistiko a remedy under the Administrative Procedure Act, the National Guard Training Act, or the Backpay Act, all of which are cited in the amended complaint as conferring jurisdiction with respect to the first cause of action. It is true that the Administrative Procedure Act provides generally for judicial review of final agency action for which there is no other adequate remedy in a court. 5 U.S.C. § 704. The Act is inapplicable, however, to the extent that other statutes preclude judicial review. 5 U.S.C. § 701(a)(1). As we have seen, the Civil Service Reform Act, as construed by the Supreme Court in *Fausto* and the Federal Circuit in *Booth,* precludes judicial review of adverse personnel actions involving technicians employed under the National Guard Technicians Act. *Booth* demonstrates that nothing in the National Guard Technicians Act itself overcomes this statutory barrier. Neither is the barrier overcome by the Backpay Act, 5 U.S.C. § 5596. See *Fausto* 484 U.S. at 443, 108 S.Ct. at 671–72, where the Supreme Court noted that the plaintiff's suit had been filed in the Claims Court under the Backpay Act.

### III

■■ The grant of summary judgment to the Secretary of the Army on the claim under the Rehabilitation Act, 29 U.S.C. §§ 791 and 794, was proper because, as the district court correctly held, the Rehabilitation Act has no application to employees occupying hybrid positions that are "irreduci-

bly military in nature." *Leistiko,* 922 F.Supp. at 75. The district court was correct in observing that "[e]very court having occasion closely to consider the capacity of National Guard technicians has determined that capacity to be irreducibly military in nature," *id.* at 73 (citations omitted), and we are satisfied that Col. Leistiko's technician job was of this nature.

As to the claim asserted under the Veterans Reemployment Rights Act (the third cause of action), the district court found the Act "utterly inapposite" to the facts alleged in the amended complaint. *Id.* at 76. We agree.

**AFFIRMED.**