**Kate S. URIE, Plaintiff,**

, **v.**

**Dr. James D. ROCHE, Secretary, Department of the Air Force and the United States Department of the Air Force, jointly, severally, and in the alternative, Defendants.**

**Civil Action No. 01–1554.**

United States District Court,
D. New Jersey.

June 27, 2002.

Elaine B. Frick, Carmen R. Faia, P.C., Pleasantville, NJ, for Plaintiff.

Christopher J. Christie, United States Attorney by Paul A. Blaine, Assistant U.S. Attorney, United States Attorney's Office, Camden, NJ, for Defendants.

RODRIGUEZ, District Judge.

This matter is before the Court on Defendants' motion to dismiss the complaint for lack of jurisdiction or for failure to state a claim, or, in the alternative, for summary judgment. For the reasons set forth below, the Court will grant the Defendants' motion and the case will be dismissed.

## I. *Procedural History*

Plaintiff originally filed suit in this matter in the Superior Court of New Jersey,

Law Division, Atlantic County, alleging sexual harassment in violation of the New Jersey Law Against Discrimination. The then-named Defendants, State of New Jersey and the New Jersey Air National Guard, timely removed the case to this Court, asserting that as an employee of the United States Department of the Air Force, Plaintiff was required to bring any discrimination suit under Title ·VII, the exclusive remedy for federal employees; thus, this Court had federal question jurisdiction over the controversy. Plaintiff filed an Amended Complaint, which the Defendants seek to have dismissed by way of the instant motion, first noticed on November 6, 2001 and ultimately filed on February 5, 2002.

## II. *Factual Background*

Plaintiff Kate S. Urie is an African American female employed by the Department of the Air Force pursuant to 32 U.S.C. § 709 as an aircraft mechanic supervisor. (Complaint, ¶ 5.) She alleges that in the course of her employment, she was subjected. to racial and gender-based discrimination and was otherwise racially and sexually harassed and subjected to a hostile work environment as well as retaliatory actions in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e). (Complaint, ¶ 10.) The essence of Plaintiff's claim is that for several days beginning on February 10, 1999, and then on May 10 and 21, 1999, Plaintiff's

male supervisor inappropriately entered the women's restroom of a certain building on the ·Atlantic County base of the New Jersey Air National Guard while Plaintiff was using the facility, and that on various dates from February 10, 1999 through May 21, 1999, the supervisor pounded on the ladies' room door of that building when he knew Plaintiff was occupying the facility·. (Complaint, ¶¶ 11–14.)

Plaintiff has also alleged generally that her supervisors and co-workers acted in a manner contrary to the provisions of Title VII, including retaliating against Plaintiff, prohibiting her from receiving awards and recognition, and otherwise prohibiting her from being promoted. (Complaint, ¶ 15.) She seeks compensatory and punitive damages, as well as attorney's fees and costs of suit for the Defendants' violations of Title VII and of "a clear mandate of public policy of the United States of America and of the State of New Jersey." (Complaint, ¶ 27 and "Wherefore" clauses of two counts.)

## III. *Discussion*

█ Plaintiff is a civilian technician, aircraft mechanic supervisor in the New Jersey Air National Guard, which is the reserve component of the United States Air Force, 10 U.S.C. § 10110.[1] Because this Court finds that National Guard technicians are "irreducibly military" federal employees, it holds that the doctrine of intramilitary immunity, first articulated in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950),[2] bars Plain-

---

1. The Secretary of the Air Force is charged with the responsibility of assigning, detailing, and prescribing the duties of members of the Air Force as well as civilian personnel·of the Department of the Air Force, 10 U.S.C. § 8013(g), and is therefore the proper defendant in this action.

2. In a nutshell, the *Feres* doctrine immunizes the government from tort liability claimed by

members of the armed services where the claims relate to military activities, *id.* at 146, 71 S.Ct. 153, reflecting the Court's concern with the potential "disruption of '[t]he peculiar and special relationship of the soldier to his superiors' that might result if the soldier were allowed to hale his superiors into court." *Chappell v. Wallace,* 462 U.S. 296, 304, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983) (citations omitted).

tiff's claim; the Amended Complaint will therefore be dismissed.

### A. *Applicable Standard*

The Defendants initially have framed the instant motion as pursuant to Fed. R.Civ.P. 12(b)(1), requesting dismissal for lack of subject matter jurisdiction.[3] This Court will dismiss a case for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) where it lacks the statutory or constitutional power to adjudicate the controversy. *See Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir.1997) ("at issue in a 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case"); *see also Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d. 884, 891 (3d Cir. 1977).

■■■ It appears that the Defendants have launched this attack on the allegations on the face of the complaint, as opposed to disputing the existence of certain jurisdictional facts alleged by the Plaintiff. *See Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir.2000) (comparing attack on jurisdiction "in fact" with facial challenge to subject matter jurisdiction). In determining the merits of a facial challenge to subject matter jurisdiction, the Court must read the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir.2001). In either a facial challenge or a factual one, the burden of establishing the Court's subject matter jurisdiction lies with the plaintiff. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)); *Mortensen*, 549 F.2d at 891. In this case, even if all facts asserted by Plaintiff are true,

there is no potential for her to gain relief under the provisions of Title VII.

### B. *Plaintiff's Employment Status*

■■■ Plaintiff holds dual civilian and military positions within the Air National Guard. The National Guard is "an essential reserve component of the Armed Forces of the United States." *Gilligan v. Morgan*, 413 U.S. 1, 7, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973). In addition to employing purely military personnel, the National Guard employs civilians, or "technicians," to perform a wide range of administrative, clerical, and technical tasks within a military context. The nature of the position of these employees has been codified in the National Guard Technicians Act, 32 U.S.C. § 709.

Beside classifying National Guard technicians as federal employees, the Act also imposes special reservations on the technicians in order to maintain federal civilian employee status. Specifically, National Guard technicians are required to serve as members of the National Guard and hold the military grade specified for the civilian position. 32 U.S.C. § 709(b). At the same time, those who perform operational duties at air defense sites are subjected to some requirements of additional duty beyond the ordinary workday schedule. 32 U.S.C. § 709(g). The Act also sets out a number of conditions of employment relating to discipline and discharge of National Guard technicians. *See, e.g.*, 32 U.S.C. § 709(e).

### C. *Effect of Plaintiff's "Technician" Status on the Ability to Bring Suit*

■■■ Of course, military personnel decisions undertaken pursuant to a statutory directive of Congress are nonjusticiable in

---

**3.** Alternatively, Defendants have requested dismissal for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), or summary judgment under Fed.R.Civ.P. 56.

civilian courts. Indeed, the United States Supreme Court has expressly held that enlisted military personnel may not maintain lawsuits to recover damages from a superior officer for alleged constitutional violations. *Chappell v. Wallace,* 462 U.S. 296, 305, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983) (extending *Feres* intramilitary immunity for torts to all suits for damages against the military). *See also United States v. Stanley,* 483 U.S. 669, 683–84, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987) (reaffirming *Chappell* and widening its scope to prohibit suits against peers, as well as superiors, and holding no remedy available for injuries that arise out of or are in the course of activity incident to service in the military). The hybrid nature of the National Guard technician position, however, has led to additional analysis and scrutiny from the courts to determine whether actions affecting the technicians in the scope of their employment may be reviewed in the civil courts.

The majority of courts having had "occasion closely to consider the capacity of National Guard technicians has determined that capacity to be irreducibly military in nature." *Leistiko v. Stone,* 134 F.3d 817, 821 (6th Cir.1998) (citation omit-

ted) (finding that position of National Guard technician was irreducibly military in nature where position under 32 U.S.C. § 709(a) had as condition of employment under § 709(b) being a member of the National Guard as well as holding a specified military grade). Thus, several circuits have come to the conclusion that National Guard technicians may not come to the federal district courts for relief on claims of tortious conduct or discrimination by their employer, ultimately the United States Government. *See, e.g., Fisher v. Peters,* 249 F.3d 433, 439 (6th Cir.2001) (rejecting an Air National Guard technician's attempt to bifurcate her duties into civilian and military components so as to allow for review of a discrimination claim argued to be related only to the civilian position, and holding that the technician position itself is "irreducibly military in nature").[4]

The Third Circuit, in 1986, examined the special nature of the technician's position and of military life in general, described in *Chappell* as "the need for unhesitating and decisive action by military officers and equally disciplined responses by enlisted personnel [that] would be undermined by a judicially created remedy exposing officers

4. *See also Luckett v. Bure,* 290 F.3d 493 (2d Cir.2002) (affirming dismissal of discrimination and harassment claims of an Army Reserves technician who was discharged from his position as a technician because he no longer met the Reserves membership condition of his civilian employment as the result of an involuntary transfer from the Army Reserves to the "Individual Ready Reserve" based on failure to maintain body fat standards); *Brown v. United States,* 227 F.3d 295 (5th Cir.2000) (characterizing an Air Reserve technician's Title VII claim, challenging the termination from his civilian position upon military discharge for misconduct and substandard performance, as an attempt to obtain judicial review of the military discharge, and therefore holding that the Title VII claim was nonjusticiable); *Wright v. Park,* 5 F.3d 586 (1st Cir.1993) (affirming dismissal of

technician's civil rights and whistle-blower claims deemed to be a nonjusticiable military controversy when complaint regarding adverse civilian-employment action was brought against military officers in chain of command); *but see Mier v. Owens,* 57 F.3d 747, 750 (9th Cir.1995) (affirming dismissal of a Title VII complaint that alleged Army National Guard officials discriminatorily denied military promotions to a technician, then suspended him from civilian employment as a result of the denial of the requisite military promotions; holding that the challenged conduct was integrally related to the military's unique structure because the claims were based on the plaintiff's not being promoted to a certain rank, but granting an exception to allow Title VII actions in other cases where the challenged conduct is not integrally related to the military's unique structure).

to personal liability at the hands of those they are charged to command." *Chappell,* 462 U.S. at 304, 103 S.Ct. 2362. *See Jorden v. National Guard Bureau,* 799 F.2d 99 (3d Cir.1986) (imposing prohibition of damages actions brought against National Guard officers for alleged violations of subordinates' civil rights).

In *Jorden,* the circuit affirmed a district court's dismissal of the damages claims of an Air National Guard technician who had brought a civil rights suit alleging that his various civilian supervisors, who were also his military superior officers, had engaged in a conspiracy to harass him and to discharge him on the basis of race and in retaliation for the exercise of his first amendment rights. *Id.* at 100, 102. In doing so, the court extended *Chappell's* prohibition of damages actions against federal military officers for violation of constitutional rights to section 1983 damages claims against State military officers— those in the National Guard. *Id.* at 107. The Third Circuit broadly read *Chappell* as a per se bar on damages actions by military personnel against superior officers for constitutional violations, rather than as requiring a case by case analysis of whether allowing suit would interfere with the military order. *Id.* at 108. Nothing in Judge Becker's *Jorden* opinion tends to indicate that the Third Circuit would limit its holding to section 1983 claims; on the contrary, the court seemed to project a fairly broad view of this form of the intramilitary immunity doctrine.

In light of the tendency in other circuits to expand the doctrine of intramilitary immunity to Title VII cases brought by National Guard technicians, this Court finds that Plaintiff's claims in this case are barred. Plaintiff complains of discriminatory and harassing actions by an individual that served as her civilian supervisor, but who was also her military superior officer. Further, Plaintiff has asserted that she has suffered discrimination at the hands of other superiors and co-workers that includes their "retaliating against Plaintiff, prohibiting her from receiving awards and recognition, and otherwise prohibiting her from being promoted."

In this case, as in *Jorden,* it cannot be said that the complained-of circumstances have arisen wholly in the civilian context of Plaintiff's civilian employment. She is challenging the conduct of a superior officer, which infringes upon the military rank relationship, as well as challenging promotion decisions central to the military hierarchy. *See Fisher,* 249 F.3d 433 (rejecting those challenges in the Sixth Circuit); *Wright,* 5 F.3d 586 (rejecting the same argument in the First Circuit). Further, Plaintiff has not sought injunctive relief in this lawsuit, but has only pleaded damages claims, which the Third Circuit has held may be properly dismissed in cases brought by National Guard technicians pursuant to 42 U.S.C. § 1983. *See Jorden,* 799 F.2d at 108 (also noting that the general rule bars damages actions by military personnel against superior officers for constitutional violations without the need for "hair-splitting distinctions as to whether a particular claim ... would threaten military discipline"). Thus, any relief Plaintiff seeks should be obtained through appropriate military channels; her claim is not justiciable in this Court.

## IV. *Conclusion*

Accordingly,

IT IS ORDERED on this 27th day of June, 2002, that Defendants' motion to dismiss the case for lack of subject matter jurisdiction [12] is hereby *GRANTED.*