OPINION
{¶ 1} James Singleton appeals from the judgment of the Court of Claims of Ohio dismissing his lawsuit against the state of Ohio. He assigns three errors for our consideration:
 {¶ 2} "1. The trial court erred by determining that it lacked subject matter [sic] to grant injunctive relief.
 {¶ 3} "2. The trial court erred by determining that the state was not a person for the purpose of injunctive relief under42 U.S.C. § 1983.
 {¶ 4} "3. The trial court erred by dismissing Appellant's claim for breach of contract."
 {¶ 5} Based upon our previous decision in Deavors v. Ohio Dept. of Rehab. and Correction (May 20, 1999), Franklin App. No. 98AP-1105, as well as upon other precedent, Mr. Singleton has withdrawn the second assignment of error. (Reply brief of appellant at 3.)
 {¶ 6} Mr. Singleton filed his first complaint in the Court of Claims of Ohio on February 1, 2002. He alleged that he was a captain in the Ohio Air National Guard ("OANG") and also that he was a civilian employee under the National Guard Technician Act, Section 709 et seq., Title 32, U.S. Code. He claimed he was in danger of losing both his status as an officer in the OANG and his civilian employment. He sought injunctive relief to prevent this from happening. He also sought forms of financial compensation.
 {¶ 7} A judge with the Court of Claims of Ohio refused to issue the temporary restraining order and preliminary injunction sought by Mr. Singleton based upon a finding that the court lacked subject matter jurisdiction.
 {¶ 8} On March 6, 2002, counsel for the state of Ohio filed a motion requesting that the case be dismissed for lack of subject matter jurisdiction. In response, counsel for Mr. Singleton filed a motion requesting leave to amend the complaint. The trial court granted leave to amend the complaint and then overruled the motion to dismiss as moot.
 {¶ 9} On May 8, 2002, counsel for the state of Ohio filed a motion to dismiss the amended complaint, again alleging a lack of subject matter jurisdiction. On August 1, 2002, the trial court sustained the motion. Hence, this appeal was filed.
 {¶ 10} In the first assignment of error, counsel for Mr. Singleton asserts that the Court of Claims of Ohio had subject matter jurisdiction to order the requested injunctive relief. On August 15, 2000, the United States Department of the Army and Air Force, National Guard Bureau, had issued a memorandum which noted that Mr. Singleton had been passed over for a promotion for a second time, which required that he be separated from military service. Since he would have accrued 18 years of military service on his mandatory separation date, Section 12545, Title 10, U.S. Code, required that he be retained in service until he had accrued 20 years of service. Thus, he was entitled to remain in the OANG or in the Nonaffiliated Reserve until February 7, 2002. The memorandum indicated that Mr. Singleton must be separated from military service on or about February 7, 2002. Because his civilian employment was dependent on his military status, the separation from the military dictated an end to Mr. Singleton's employment as a technician.
 {¶ 11} After the events of September 11, 2001, the military instituted procedures to reduce the losses of military personnel. For awhile, this action placed Mr. Singleton's separation from the military in doubt, but later clarification from the Air National Guard Directorate of Personnel indicated that the separation could proceed. A letter informing Mr. Singleton that efforts to separate him from military service would proceed was sent three weeks before his date of separation.
 {¶ 12} The position of technician, in which the employee is required to be a member of the National Guard and to maintain a certain military grade, has been described as "hybrid" and "irreducibly military in nature." Leistiko v. Stone (C.A.6 1998), 134 F.3d 817, 820-821. Following Booth v. United States (Fed. Cir. 1993), 990 F.2d 617, the Leistiko court held that judicial review is not available in connection with removal from a technician's position. See, also, Fleming v. United States (Fed. Cir. 2002), 30 Fed.Appx. 946.
 {¶ 13} We agree with the Court of Claims of Ohio that an Ohio trial court does not have the power to order the United States Military to take action to separate a member of the military from employment or to block the separation of an individual from military service. See Oxley v. Dept. of Military Affairs (1999), 460 Mich. 536, 546-547 ("denial of a military promotion and a resulting suspension from civilian employment were integrally military issues that are not reviewable." [citing Mier v. Owens (C.A.9, 1995), 57 F.3d 747, 751]). Decisions with respect to the duration of military service are governed by federal action which no Ohio court has the power to overturn. The Court of Claims of Ohio did not have jurisdiction to grant injunctive relief under these circumstances.
 {¶ 14} The first assignment of error is overruled.
 {¶ 15} In the third assignment of error, counsel for Mr. Singleton argues that this case can be viewed as a contract action, with the state of Ohio breaching the contract. The Court of Claims of Ohio dismissed this theory because it was not pursued within two years of the breach alleged. Actions in the Court of Claims of Ohio are governed by R.C.2743.16, which allows a maximum of two years to file suit.
 {¶ 16} An appeal from the dismissal of a complaint pursuant to Civ.R. 12(B)(6) presents this court with a question of law that we review de novo, independent of the decision by the trial court. State ex rel. Drake v. Athens Cty. Bd. Of Elections (1988), 39 Ohio St.3d 40. We must presume all the factual allegations in the complaint to be true and we must make all reasonable inferences in favor of Mr. Singleton as the nonmoving party. City of Cincinnati v. Beretta U.S.A. Corporation,95 Ohio St.3d 416, 2002-Ohio-2480, at ¶ 5.
 {¶ 17} In Jim's Steak House, Inc. v. City of Cleveland (1998),81 Ohio St.3d 18, the defendant moved to dismiss the complaint on Civ.R. 12(B)(6) grounds, but did not file an answer to the plaintiff's amended complaint, and thereby failed to assert any affirmative defenses. The Supreme Court held, "Affirmative defenses other than those listed in 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings. Civ.R. 8; Civ.R. 15." Id., at 20. See, also, State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107, 109. Construing this holding in a more recent case where the defendant failed to answer an amended complaint, this court reversed the summary judgment granted by the trial court on statute of limitations grounds because that affirmative defense "was not before the court and is waived until such time, if ever, it is asserted via an answer to the amended complaint." (Emphasis added.). Fowler v. Coleman (Mar. 10, 1998), Franklin App. No. 97APE09-1156.
 {¶ 18} However, this court has recognized that where the availability of an applicable affirmative defense not among those listed in Civ.R. 12(B) is apparent from the face of the complaint, a motion to dismiss may be a proper vehicle for raising that defense. Leichliter v. Natl. City Bank of Columbus (1999), 134 Ohio App.3d 26. In deciding a motion to dismiss filed prior to a responsive pleading, a trial court must limit its consideration to the four corners of the complaint. A motion to dismiss based upon the running of the statute of limitations is erroneously granted if the complaint does not conclusively show on it face that the action is barred by the statute of limitations. Id., at 32; and Brubaker v. Ross (Apr. 17, 2001), Franklin App. No. 00AP-1159, citing Velotta v. Leo Petronzio Landscaping, Inc. (1982),69 Ohio St.2d 376, paragraph three of the syllabus. On the other hand, this court has upheld the granting of a motion to dismiss a complaint where the face of the complaint clearly showed that the affirmative defense asserted in the motion acted as a bar to the action. Burkhalter v. Ohio State Highway Patrol (July 19, 2001), Franklin App. No. 00AP-1310.
 {¶ 19} A motion to dismiss pursuant to Civ.R. 12(B)(6) on statute of limitations grounds should not be granted unless the complaint on its face shows that the action is time-barred. Ware v. Kowars (Jan. 25, 2001), Franklin App. No. 00AP-450. For there to be a conclusive showing in that regard, the complaint must demonstrate the applicable statute of limitations and an absence of factors that would toll the statute or make it inapplicable. Id. citing Tarry v. Fechko Excavating, Inc. (November 3, 1999), Lorain App. No. 98 CA 7180.
 {¶ 20} In May of 1997, Mr. Singleton had settled an appeal of a previous attempt to separate him from military service. When the complaint in the current lawsuit was drafted, it alleged that persons affiliated with the OANG had never purged Mr. Singleton's personnel filed of certain documents as agreed and that the presence of those document resulted in him being passed over for promotion in August of 2000. It also alleged that duty of confidentiality had been breached.
 {¶ 21} Counsel for Mr. Singleton argues that the breach has been ongoing, especially as to confidentiality, so the statute of limitations did not begin to run on some violations until much later than the date of the agreement. Specifically, the use of the documents in August 2000 was a breach of the confidentiality agreement which occurred less than two years before the complaint was filed in the Court of Claims of Ohio.
 {¶ 22} The trial court addressed only the question of the lapsing of the statute of limitations from the initial alleged breaches relating to the failure to remove certain information from Mr. Singleton's personnel file when it granted dismissal of the breach of contract action. Since the failure to abide by the earlier agreement/contract could be viewed as an ongoing breach of the agreement/agreement regarding confidentiality, the trial court was not in a position to grant a dismissal under Civ.R. 12(B)(6). We, therefore, sustain the third assignment of error and remand the case for further proceedings.
 {¶ 23} In review, we overrule the first assignment of error. The second assignment of error has been voluntarily withdrawn. The third assignment of error is sustained, and the judgment of the trial court is reversed and this cause is remanded for further appropriate proceedings consistent with this opinion.
Judgment reversed and cause remanded.
LAZARUS and BRYANT, JJ., concur.