

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2005

# Reiser v. NJ Air Natl Guard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3959

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Reiser v. NJ Air Natl Guard" (2005). *2005 Decisions.* Paper 323.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/323

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3959

ANNETTA K. REISER,
                              Appellant

v.

NEW JERSEY AIR NATIONAL GUARD;
        STATE OF NEW JERSEY,
                              Defendants/Third-Party Plaintiffs

v.

        UNITED STATES OF AMERICA;
DEPARTMENT OF THE AIR FORCE,
                              Third-Party Defendants

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 03-cv-05166)
District Judge: Honorable Robert B. Kugler

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2005

Before: ALITO, AMBRO, and LOURIE,* <u>Circuit Judges</u>

(Opinion filed: October 28, 2005)

        * Honorable Alan D. Lourie, Circuit Judge for the United States Court of Appeals
for the Federal Circuit, sitting by designation.

OPINION

AMBRO, Circuit Judge

Anita K. Reiser initiated this action in New Jersey Superior Court against the State of New Jersey and the New Jersey Air National Guard. She alleges that, while serving as a military technician and Captain in the United States National Guard and New Jersey National Guard, she was the victim of sexual harassment, gender discrimination, and unlawful retaliation by her employer in violation of the New Jersey Law Against Discrimination (NJLAD). *See* N.J. Stat. Ann. § 10:5-1 *et seq*. The New Jersey Air National Guard and State of New Jersey removed the case to the United States District Court for the District of New Jersey on the basis of federal question jurisdiction, asserting that Reiser was a federal employee under the provisions of the National Guard Technical Act of 1968 (NGTA), 32 U.S.C. § 709.

The District Court declined to rule on Reiser's status as a federal employee but remanded the case to state court on the theory that a federal defense does not create a federal question sufficient for removal. Back in the New Jersey Superior Court, the defendants filed a motion to dismiss Reiser's complaint, which was denied. The Superior Court noted that, while Reiser was a federal employee, she might at the same time be classified as an employee of the State. Relying on that rationale, the Court permitted the

2

action to proceed to discovery.

The defendants timely filed a third-party complaint against the United States and United States Air Force, alleging that the United States was Reiser's actual employer under the clear terms of the NGTA. Subsequent to service of the third-party complaint, the United States removed the entire action (which would include Reiser's complaint) to federal district court pursuant to 28 U.S.C. § 1442. In response, Reiser filed a motion to dismiss the third-party complaint and remand the case once more to state court. The state defendants filed a cross-motion to dismiss Reiser's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The District Court granted that motion, ruling that Reiser was a federal employee whose exclusive remedies to redress employment discrimination arose under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. It concomitantly dismissed Reiser's motion to dismiss the third-party complaint as moot. This appeal followed.

Reiser first contends the District Court erred in its determination that her employment was exclusively federal. She was employed by the Department of the Air Force at Egg Harbor, New Jersey, as a technician from approximately September 1999 to December 2002, when she was approved for disability retirement. Throughout her employment, Reiser served in the position of Intelligence Operations Specialist pursuant to 32 U.S.C. § 709(b) of the NGTA.

The NGTA provides in relevant part:

3

(a) Under regulations prescribed by the Secretary of the Army or the Secretary of the Air Force, as the case may be, and subject to subsections (b) and (c), persons may be employed as technicians in--
(1) the administration and training of the National Guard; and
(2) the maintenance and repair of supplies issued to the National Guard or the armed forces.
(b) Except as authorized in subsection (c), a person employed under subsection (a) must meet each of the following requirements:
(1) Be a military technician (dual status) as defined in section 10216(a) of title 10.
(2) Be a member of the National Guard.
(3) Hold the military grade specified by the Secretary concerned for that position.
(4) While performing duties as a military technician (dual status), wear the uniform appropriate for the member's grade and component of the armed forces.

. . .

(e) *A technician employed under subsection (a) is an employee of the Department of the Army or the Department of the Air Force, as the case may be, and an employee of the United States.* However, a position authorized by this section is outside the competitive service if the technician employed in that position is required under subsection (b) to be a member of the National Guard.

42. U.S.C. §709 (emphasis added). Because the NGTA unequivocally states that a technician such as Reiser is an employee of the Department of the Air Force and the United States, she undoubtedly is a federal employee. Indeed, at least three federal courts of appeal have so recognized. *See, e.g.*, *Ass'n of Civilian Technicians v. Fed. Labor Relations Auth.*, 250 F.3d 778, 781 (D.C. Cir. 2001) (noting that "National Guard technicians are federal civilian employees"); *Leistiko v. Stone*, 134 F.3d 817, 818 (6th Cir. 1998) (same); *Booth v. United States*, 990 F.2d 617, 618 (Fed. Cir. 1993) (acknowledging that a National Guard technician is a "civilian employee of the United States. Thus,

4

federal statutes and regulations governed his employment."). Moreover, in scrutinizing

the meaning of the NGTA, our Court has explained:

> The National Guard occupies a unique position in the federal structure. It is an essential reserve component of the Armed Forces of the United States, available with regular forces in time of war, and also may be federalized in addition to its role under state governments, to assist in controlling civil disorders. As the successor to the state militias of the nation's early years, the Guard fills a role recognized and provided for in the United States Constitution. This role does not fit neatly within the scope of either state or national concerns; historically the Guard has been, and today remains, something of a hybrid. Within each state the National Guard is a state agency, under state authority and control. At the same time, the activity, makeup, and function of the Guard is provided for, to a large extent, by federal law.
>
> . . .
>
> To accommodate the civilian interests of these employees without intruding on the Guard's military and security needs, and to recognize by statute the special employee status that had evolved informally, Congress in 1968 enacted the National Guard Technician Act, 32 U.S.C. § 709. *In that Act, all Guard technicians, who had previously been employees of the states, were declared to be federal employees, and were thereby afforded the benefits and rights generally provided for federal employees in the civil service.*

*New Jersey Air Nat'l Guard v. Fed. Labor Relations Auth.*, 677 F.2d 276, 278-79 (3d Cir.

1982) (internal citations and quotations omitted) (emphasis added), *cert. denied*, 459 U.S.

988 (1982). We went on to note that

> [t]his *federal employee status* was intended primarily to ensure that National Guard technicians would have a retirement and benefit program that was both uniform and adequate, and to bring technicians within the coverage of the Federal Tort Claims Act regarding third party actions against the United States.

*Id.* at 279 n.2 (internal citations and quotations omitted) (emphasis added). Our

interpretation of the plain language of the NGTA makes clear that Reiser was a federal

5

employee at all times relevant to her complaint. Therefore, her attempt to hold the state defendants liable was properly rejected by the District Court.

The District Court did not rule on whether Reiser had a valid Title VII sex discrimination claim or whether intra-military immunity applies here. Rather, the Court reasoned that, because she failed to assert any claims under Title VII, Reiser's complaint fails to state a claim upon which relief can be granted. We agree. The Supreme Court has held that a federal employee's right to seek a remedy for alleged sex discrimination is limited exclusively to Title VII. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976) (expressly holding that Title VII "of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment").

Because Congress has clearly identified National Guard technicians as federal employees and NJLAD claims are preempted by Title VII, we affirm the District Court's dismissal of Reiser's complaint for failure to state a claim upon which relief can be granted.