

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2007

# Francis v. Joint Force HQ

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2793

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Francis v. Joint Force HQ" (2007). *2007 Decisions.* Paper 461.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/461

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 06-2793 and 06-2920 (Consolidated)
_____

JANET FRANCIS,

Appellant

v.

JOINT FORCE HEADQUARTERS, HRO, HRO-EO, JAG, IG and management offices;
NATIONAL GUARD BUREAU-NGB-EO;
AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, c/o AFL-CIO;
DONALD BALLARD; MS. EVELSIZER; LTC GIUARENO; COL STEPHEN HINES;
LTC INGRAO; COL KEYES; LTC MAHON; KATHEY MCCREADY;
COL MILLIKEN; MR PHELAN; MG GLEN REITH; LTC SCHEPENS; JOHN SORI;
MAJOR JAMAL BEALE; GENERAL FRANK CARLINI;
SECRETARY OF THE DEPARTMENT OF THE ARMY
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-04484)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
August 24, 2007

Before: SLOVITER, MCKEE AND FISHER, CIRCUIT JUDGES

(Filed: September 7, 2007)

_____

OPINION

_____

PER CURIAM

Janet Francis, acting pro se, appeals an order of the United States District Court for the District of New Jersey denying her motion for entry of default and granting defendants' motion to dismiss the complaint.

Francis is a former military technician who was discharged from the United States Army National Guard and fired from her related civilian employment with the Department of the Army.[1]  Her complaint in this case involves the termination of her civilian employment.[2]  She claims that her employer and supervisors retaliated against her for filing a complaint with the Equal Employment Opportunity Commission; failed to give her a proper hearing before termination; forged documents; and violated Title VII of the Civil Rights Act of 1964.[3]  In addition, she brings breach of duty of fair representation claims against her employee union and two of its officers.  For these alleged wrongs, she seeks $1.3 million in compensatory damages, reinstatement at her previous position, and removal of any negative materials from her personnel file.

The District Court dismissed the union defendants on the grounds that

_____

[1]  Like the District Court, we draw many of these facts from various defense motions, as the complaint filed by Francis is nearly devoid of factual allegations to support her claims.

[2]  Francis challenged the discharge from her military position in a separate action.  See D.N.J. Civ. No. 05-cv-04882; C.A. No. 06-4246.

[3]  Given the extremely terse nature of the complaint, it is difficult to ascertain the precise nature of appellant's claims.  We agree with the District Court's reading that all of the claims raised against the agency defendants should be treated as falling under Title VII.

2

government employees have no private right of action against unions for breaching their duty of fair representation. The Court denied appellant's motion for entry of default and dismissed the government defendants for failure to perfect service as required by Federal Rule of Civil Procedure 4(i)(1). No leave of additional time to serve the Attorney General was granted, as the District Court concluded that none of the named defendants was subject to suit under Title VII. Nor did the Court permit the filing of a second or third amended complaint. Instead, the Court granted defendants' motion to substitute the Secretary of the Department of the Army as the proper Title VII defendant and gave Francis nearly three weeks to serve the Secretary and the Attorney General properly. When no proof of service was submitted, the District Court dismissed the complaint for failure to effectuate service. Appellant moved for reconsideration, which the Court denied. A timely appeal followed.[4]

We exercise jurisdiction pursuant to 28 U.S.C. § 1291, undertaking plenary review of the District Court's determinations about the propriety of service under Rule 4. See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1303-04 (3d Cir. 1995). All other issues in this case will be reviewed for abuse of discretion: the denial of appellant's motion for default judgment, see Jorden v. Nat'l Guard Bureau, 877 F.2d 245, 250-52 (3d Cir. 1989); the determination that there was not "good cause" to excuse late service for abuse of discretion, See MCI Tellecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086,

---

[4] Francis appealed various district court orders in two separate actions, which were consolidated by order of the Clerk on August 25, 2006.

3

1096 (3d Cir. 1995); and the denial of reconsideration, see Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).

Appellant's breach of fair representation claims were properly dismissed. As the District Court explained at some length, federal employees do not enjoy a private right of action against their union for breach of its statutory duty of fair representation. See District Court Opinion of April 10, 2006, at 3-7; Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263, 489 U.S. 527, 529 (1989). Nor may such claims be brought against attorneys or union officials who implemented the union's course of action. See Montplaisir v. Leighton, 875 F.2d 1, 3 (1st Cir. 1989). Therefore, Francis's claims are barred as to defendant American Federation of Government Employees and its officers, Sori and Phelan.

The District Court was also correct in concluding that the Secretary of the Department of the Army was the only proper defendant under 42 U.S.C. § 2000e-16(c).[5] The individual defendants were not subject to suit under Title VII, see Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir. 1996), and the named government entities are not proper defendants, as the statute provides for suit only against the head of the employing agency. See Williams v. Army and Air Force Exch. Serv., 830 F.2d 27, 29 (3d Cir. 1987).

---

[5] We also agree with the District Court's determination that Francis was an employee of the Department of the Army under 42 U.S.C. § 709. See Ass'n of Civilian Technicians v. Fed. Labor Relations Auth., 250 F.3d 778, 781 (D.C. Cir. 2001); Leistiko v. Stone, 135 F.3d 817, 818 (6th Cir. 1998).

The District Court did not abuse its discretion in substituting the Secretary of the Department of the Army as the only proper defendant for appellant's Title VII claims.[6] It afforded her a reasonable amount of time to effectuate service, given the length of time that had already passed since the filing of the complaint. Appellant contends that she did mail a copy of the summonses and complaint to the Attorney General of the United States, submitting United States Post Office receipts reflecting mail sent to the attention of the Attorney General at an address in New Jersey. As Rule 4(i)(1)(B) makes clear, and as the District Court repeated in its Opinion dismissing the originally-named defendants, a copy of the summons and complaint must be mailed to the Attorney General "at Washington, District of Columbia." Appellant was afforded every opportunity to comply with this unambiguous requirement, and she has submitted no evidence of having done so. The District Court acted within its discretion in dismissing the complaint.

We find no abuse of discretion in the District Court's denial of Francis's motion for reconsideration, which identified neither errors in the District Court's orders nor any other basis to justify revisiting them.

Accordingly, we will affirm the order of the District Court.

---

[6] The District Court acted properly in denying Francis leave to submit additional amendments to her complaint, as she had already amended the complaint once as of right and the proposed amendments would have been futile. See Fed. R. Civ. P. 15(a); Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006).