Richard James BOOTH,
Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–
Appellee.

No. 92–5134.

United States Court of Appeals,
Federal Circuit.

April 5, 1993.

Rehearing Denied May 24, 1993.

Ronald W. Brandenburg, Hughes, Thoreen, Mathews & Knapp, St. Cloud, MN, argued, for plaintiff-appellant.

R. Alan Miller, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for defendant-appellee. With him on the brief, were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, and James M. Kinsella, Asst. Director. Also on the brief was Captain Michael J. Davidson, Litigation Atty., Office of Judge Advocate Gen., U.S. Army, Arlington, VA, of counsel.

Before RICH, NEWMAN, and RADER, Circuit Judges.

RADER, Circuit Judge.

Richard James Booth commenced this action in the United States Court of Federal Claims [1] alleging the breach of an employment contract with the United States. The Court of Federal Claims denied the Government's motion to dismiss for lack of subject matter jurisdiction. *Booth v. United States*, No. 91–1456C (Fed.Cl. Apr. 23, 1992). The trial court, however, converted the Government's motion to dismiss into a motion for summary judgment and found in favor of the Government. *Id.* Because the Court of Federal Claims lacked subject matter jurisdiction to review Mr. Booth's personnel action, this court reverses the trial court's grant of summary judgment and remands with instructions to dismiss the complaint.

## BACKGROUND

The Minnesota National Guard employed Mr. Booth as an excepted service technician. Although employed by the Minnesota National Guard, Mr. Booth was a civilian employee of the United States. Thus, federal statutes and regulations governed his employment. 32 U.S.C. § 709(d) (1988).

On August 24, 1988, the Minnesota National Guard proposed to remove Mr. Booth under Minnesota National Guard Technical Personnel Regulations (TPR) for unexcused leave, failure to follow leave procedures, delay in carrying out instructions, and dereliction of duty. Under TPR 715 1–1(c), Mr. Booth was advised of his option to resign in lieu of removal.[2]

On August 26, 1988, Mr. Booth resigned. Later Mr. Booth tried to retract his resignation as involuntary. Mr. Booth alleged that the Minnesota National Guard did not advise him of his right under TPR 715 1–1(e) to appeal the volitional nature of his resignation. Therefore, Mr. Booth contended that he had not received agency review nor the reasons for his proposed termination.

The record shows, however, that Mr. Booth received several notices indicating he must follow proper grievance procedures. For example, on August 22, 1988, in response to his request to personally meet with the Adjutant General of the Minnesota National Guard (AG), the Government informed Mr. Booth that he must follow grievance procedures, including giving his union representative the opportunity to participate in all formal meetings. In addition, on August 26, 1988, the Government informed Mr. Booth that the AG—the final appeal authority for his grievance process—could not discuss the situation without adherence to statutory and contractual procedures.

Despite these events, Mr. Booth did not seek an administrative hearing or appellate review under TPR 752. Instead, in June 1990, Mr. Booth filed suit in Minnesota state court for wrongful termination and breach of contract. Asserting that his resignation was involuntary, Mr. Booth sought back pay, allowances, and reinstatement.

In March 1991, the case was transferred to the United States District Court for the District of Minnesota. *Booth v. State*, No. C0–90–1059 (Dist.Ct.Minn. Mar. 12, 1991).

---

1. The Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506, changed the name of the United States Claims Court to the United States Court of Federal Claims.

2. Minnesota National Guard Technical Personnel Regulation 715 1–1(c) states:

[W]hen a technician is faced with an adverse action, management can advise the individual of the option to resign.... A technician who resigns rather than face the adverse action process forfeits his/her adverse action appeal rights.

In a single page order, the district court dismissed the action without prejudice. *Booth v. Minnesota*, No. 5–91–27 (D.Minn. June 10, 1991). On September 23, 1991, Mr. Booth commenced this action for wrongful discharge in the Court of Federal Claims. Mr. Booth asserted that the Government breached his employment contract by coercing his resignation. Mr. Booth asserted as well a claim for back pay and allowances, compensatory damages, and reinstatement to his former position.

Before filing an answer, the Government moved to dismiss Mr. Booth's complaint for lack of subject matter jurisdiction. RCFC 12(b)(1). During oral argument, the Court of Federal Claims denied the Government's RCFC 12(b)(1) motion, converted the RCFC 12(b)(1) motion into an RCFC 12(b)(4) motion,[3] further converted the RCFC 12(b)(4) motion into an RCFC 56 motion for summary judgment, and then granted summary judgment in favor of the Government. *Booth*, No. 91–1456C, slip op. at 2–4.

## DISCUSSION

■ This court reviews Court of Federal Claims' judgments for error on questions of law and clear error on findings of fact. *Transamerica Ins. Corp. v. United States*, 973 F.2d 1572, 1576 (Fed.Cir.1992). Because the trial court's denial of subject matter jurisdiction and its grant of summary judgment are both questions of law, this court exercises *de novo* review. *Id.; Pine Prods. Corp. v. United States*, 945 F.2d 1555, 1558 (Fed.Cir.1991).

### Subject Matter Jurisdiction

■ The jurisdiction of the Court of Federal Claims extends to cases and controversies for which the United States has waived its sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). Thus, this court must determine whether the United States has unequivocally consented to suits like Mr. Booth's complaint in the Court of Federal Claims. *Id.* Mr. Booth

bears the burden of showing that the United States waived immunity for his suit in the Court of Federal Claims. *Rocovich v. United States*, 933 F.2d 991, 993 (Fed.Cir. 1991). Mr. Booth did not meet this burden.

■ In denying the Government's RCFC 12(b)(1) motion, the Court of Federal Claims determined that Mr. Booth's complaint stated a claim within the court's subject matter jurisdiction. The trial court reasoned that claims based on contracts with the Government fall within its general Tucker Act jurisdiction. With respect to Mr. Booth's employment contract, however, the trial court erred. The Supreme Court has specifically held that the Civil Service Reform Act of 1978 (CSRA), Pub.L. 95–454, 92 Stat. 1111 (1978) (codified as amended in various sections of 5 U.S.C.), precludes Mr. Booth's type of suit in the Court of Federal Claims. *United States v. Fausto*, 484 U.S. 439, 454, 108 S.Ct. 668, 677, 98 L.Ed.2d 830 (1988).

The CSRA exclusively governs federal personnel matters. *Bobula v. United States*, 970 F.2d 854, 857 (Fed.Cir.1992) (citing *Fausto*, 484 U.S. at 443, 108 S.Ct. at 671–72). Thus, the CSRA specifies the only avenues for relief in personnel matters covered by the Act. *Fausto*, 484 U.S. at 454, 108 S.Ct. at 677; *Bobula*, 970 F.2d at 857. The Supreme Court has stated:

[U]nder the comprehensive and integrated review scheme of the CSRA, the [Court of Federal Claims] (and any other court relying on Tucker Act jurisdiction) is not an "appropriate authority" to review an agency's personnel determination.

*Fausto*, 484 U.S. at 454, 108 S.Ct. at 677. Because the CSRA provides an exclusive alternative remedy, the United States has not waived its immunity to suit on Mr. Booth's personnel action in the Court of Federal Claims.

The CSRA specifically excludes employees in Mr. Booth's service category from its channels of administrative and judicial review. 5 U.S.C. § 7511(b)(5) (Supp. III

---

**3.** United States Court of Federal Claims Rule (RCFC) 12(b)(4) is equivalent to Federal Rule of

Civil Procedure 12(b)(6). *See Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989).

1991). Section 7511(b)(5) denies administrative protection, including judicial review, to an employee "described in section 8337(h)(1) relating to technicians in the National Guard." Mr. Booth does not dispute that his employment as a technician for the Minnesota National Guard was within the definition set forth in 5 U.S.C. § 8337(h)(1) (1988).[4] Therefore, the CSRA expressly denies Mr. Booth judicial review in the Court of Federal Claims.

■ In sum, the Supreme Court's decision in *Fausto* governs jurisdiction over Mr. Booth's claim. Mr. Booth contends that his case differs from *Fausto* because he is not seeking judicial review of an agency decision as was the employee in *Fausto*. Rather, Mr. Booth purports to seek enforcement of his right to obtain a final agency decision regarding the volitional nature of his resignation. Nonetheless a judicial inquiry into the Government's notice to Mr. Booth of his appeal rights or into the voluntariness of his resignation would require review of his resignation. Because the relief sought by Mr. Booth would require review of his underlying personnel action, the Court of Federal Claims lacked subject matter jurisdiction. *See Fausto*, 484 U.S. at 454-55, 108 S.Ct. at 677-78; *see also Bobula*, 970 F.2d at 858.[5]

■ The Government's challenge to the trial court's subject matter jurisdiction on this appeal is timely. A party, or the court *sua sponte*, may address a challenge to subject matter jurisdiction at any time, even on appeal. *United States v. Newport News Shipbuilding & Dry Dock Co.*, 933 F.2d 996, 998 n. 1 (Fed.Cir.1991); *United States v. Grumman Aerospace Corp.*, 927 F.2d 575, 580 (Fed.Cir.), *cert. denied*, — U.S. ——, 112 S.Ct. 330, 116 L.Ed.2d 270 (1991).

## Summary Judgment

■ Without subject matter jurisdiction, the trial court's ruling on the Government's motion for summary judgment is moot. This court notes, however, that the Court of Federal Claims did not give the parties proper notice of its conversion of the motion to dismiss into a summary judgment motion. RCFC 12(b). Rule 12(b) provides in pertinent part:

> If, on a motion asserting the defense numbered (4) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The notice requirement of RCFC 12(b) offers the parties a full opportunity to prepare for and comply with the requirements of Rule 56. *See Selva & Sons, Inc. v. Nina Footwear, Inc.*, 705 F.2d 1316, 1322 (Fed.Cir.1983). Many of our sister circuits reverse a finding of summary judgment in the absence of proper notice of the conversion of a motion to dismiss. *See, e.g., Kopec v. Coughlin*, 922 F.2d 152 (2d Cir.1991); *Whiting v. Maiolini*, 921 F.2d 5 (1st Cir. 1990); *Gay v. Wall*, 761 F.2d 175 (4th Cir. 1985); *Finn v. Gunter*, 722 F.2d 711 (11th Cir.1984); *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641 (9th Cir.1981); *see also* 2A James W. Moore et al., *Moore's Federal Practice*, ¶ 12.09[3] (2d ed. 1992 and 1992 Supp.).

During oral argument, the Court of Federal Claims converted the Government's RCFC 12(b)(1) motion to dismiss into an RCFC 12(b)(4) motion for failure to state a claim and then into an RCFC 56 motion for summary judgment. The court, however, did not give Mr. Booth a "reasonable opportunity to present all material made pertinent to such a motion [for summary judgment]." RCFC 12(b). Mr. Booth's counsel

---

**4.** Section 8337(h)(1) of title 5 defines "technician" as "an individual employed under section 709(a) of title 32 who, as a condition of the employment, is required under section 709(b) of such title to be a member of the National Guard and to hold a specified military grade."

**5.** This court notes that this case was dismissed without prejudice by the United States District Court of Minnesota. During oral argument on this appeal, the Government conceded error in seeking to move this case to the Court of Federal Claims.

objected in timely fashion to the court's conversion of the Government's motion because the parties had yet to conduct discovery on the summary judgment motion. In fact, the Government had not yet even filed an answer to the complaint. With no prior notice to either party, the trial court both created and resolved a summary judgment motion. The RCFC do not permit such a surprise.

## CONCLUSION

For the reasons stated above, this court holds that the Court of Federal Claims lacked subject matter jurisdiction to review Mr. Booth's personnel action. Therefore, this court reverses the trial court's grant of summary judgment and remands with instructions to dismiss the complaint.

## COSTS

Each party shall bear its own costs for this appeal.

REVERSED AND REMANDED.