47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred A. LEISTIKO, Plaintiff-Appellant,
v.
Michael P.W.STONE, Secretary of the Army; National Guard
Bureau; Richard C. Alexander, the Adjutant
General, State of Ohio, Defendants-Appellees.
 No. 93-3557.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1995.
 
 On Appeal from the United States District Court for the Northern District of Ohio, No. 92-00173; Thomas D. Lambros, Judge.
 N.D.Ohio
 REVERSED AND REMANDED.
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Plaintiff, Fred A. Leistiko, appeals from the district court's order dismissing his complaint for lack of subject matter jurisdiction. Plaintiff filed suit against defendants, the National Guard Bureau, Secretary of the Army Michael P.W.Stone, and Ohio Adjutant General Richard C. Alexander, after he was terminated from his civilian federal technician position with the Ohio National Guard. Plaintiff's complaint alleged that his termination deprived him of a constitutionally protected property right to continued employment, violated federal statutory provisions regulating the National Guard, and breached his contract of employment. The district court concluded that it lacked subject matter jurisdiction because plaintiff had not appealed his termination to the Ohio Adjutant General. We reverse.
 
 
 2
 In response to plaintiff's complaint, defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). They argued that the district court lacked subject matter jurisdiction because the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), provides plaintiff's exclusive remedy and because sovereign immunity bars plaintiff's claim.
 
 
 3
 A federal magistrate judge issued a report and recommendation that did not address defendants' arguments, but instead suggested dismissal for lack of subject matter jurisdiction on entirely different grounds. The magistrate judge relied upon 32 U.S.C. Sec. 709(e)(5), which provides that the appeal of a technician terminated from a civilian national guard position "shall not extend beyond the adjutant general of the jurisdiction concerned." Plaintiff's complaint alleged that he had "exhausted all his agency and administrative remedies," and that "at no time was he afforded an opportunity to be heard or a review of the decision to terminate." Despite these allegations, and in apparent disregard of the deference to be accorded them upon consideration of a motion to dismiss, the magistrate judge concluded that plaintiff had "skipped a vital procedural step," since "[t]o the best of this Magistrate Judge's knowledge, this plaintiff never appealed to the Ohio Adjutant General."
 
 
 4
 Plaintiff filed an objection to the magistrate judge's recommendation, noting the allegations in the complaint. Plaintiff also argued that he had in fact exhausted all available remedies including appeal to the adjutant general, since he had requested but had been denied any appeal. Without commenting on plaintiff's objection, the district court accepted the magistrate judge's report and recommendation and dismissed the complaint.
 
 
 5
 In dismissing the complaint for failure to appeal to the adjutant general, the district court found that plaintiff, contrary to his allegation of exhaustion, had in fact not attempted to appeal to the adjutant general. In so doing, the court essentially turned defendants' Federal Rule of Civil Procedure 12(b)(1) facial challenge into a factual challenge. See Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990) (facial attack merely challenges sufficiency of pleading while factual attack contests factual allegations in pleading).
 
 
 6
 In view of the state of the record on appeal, we conclude that the district court erred by ignoring the allegations in plaintiff's complaint and making a finding of fact -- that plaintiff failed to comply with the statute concerning an appeal to the adjutant general -- and dismissing the complaint on that basis. In addition to the allegations in his complaint, plaintiff submitted, with his objection to the magistrate judge's recommendation, an affidavit stating that he attempted to contest his termination, but that a personnel specialist and a lawyer representing the adjutant general told him that he could not appeal the decision to fire him. Defendants presented no evidence to the contrary. Moreover, during oral argument before this court, they conceded that plaintiff had tried to appeal to the adjutant general.
 
 
 7
 Since the district court erred in its basis for dismissal, the order is reversed and this cause is remanded for further proceedings consistent with this opinion.
 
 
 8
 KENNEDY, Circuit Judge, dissenting.
 
 
 9
 The District Court dismissed this action for want of jurisdiction of the claims made in the complaint. The panel reverses the District Court's judgment because there is an issue of fact as to whether plaintiff was prevented from appealing his discharge as permitted under 32 U.S.C. Sec. 709. Plaintiff's complaint did not, however, allege a denial of due process by reason of the advice that he could not appeal. Nor did he seek the remedy of having his appeal rights restored.
 
 
 10
 The first count of plaintiff's complaint alleges a direct constitutional claim that he was deprived of a property right, his continued employment, without notice and hearing. The burden is on plaintiff to demonstrate subject matter jurisdiction. To the extent that his suit is one against the federal government, plaintiff must show that the government has waived its sovereign immunity. The Civil Service Reform Act of 1978 ("CSRA"), P.L. 95-434, 92 Stat 1111 (1978) precludes federal court review of plaintiff's claim against the United States. United States v. Fausto, 484 U.S. 439 (1988). The CSRA specifically excludes employees in plaintiff's position from administrative and judicial review under that act. Booth v. United States, 990 F.2d 617, 619-20 (Fed. Cir. 1993). Plaintiff's only review is under 32 U.S.C. Sec. 709.
 
 
 11
 Count two alleges wrongful discharge, alleging a violation of 32 U.S.C. Sec. 709 in that, he alleges, he was deprived of notice of termination and the attendant rights to a hearing. However, in the "Operative Facts" portion of his complaint and in Exhibit A attached to his complaint, he states that he received notice of his proposed termination on September 27, 1990 to be effective November 15, 1990. He also alleged that he received amended notices setting later dates. Thus, his only complaint regarding notice is that he was permitted to remain after his noticed termination date and orally advised of the final date. This claim does not state a due process violation, nor, since the statute requires only 30 days notice, a statutory claim. His complaint alleges he has exhausted his administrative remedies. Plaintiff did not allege that he was not permitted to appeal his discharge to the Adjutant General of Ohio, the remedy provided by section 709.
 
 
 12
 Further, plaintiff's complaint neither seeks to be permitted to file that appeal nor does it allege that the limited appeal provided by the statute is unconstitutional. Rather, it seeks to have the court rather than the Adjutant General determine whether plaintiff's discharge was warranted.
 
 
 13
 Finally, the District Court did not err in holding it had no jurisdiction of plaintiff's third claim for breach of contract. The Tucker Act gives the United States Court of Claims exclusive jurisdiction over claims for $10,000 or more involving contracts. Plaintiff did not indicate the amount of damages he was seeking. It appears clear they are over $10,000 and he has not waived the amount over $10,000.
 
 
 14
 Not until his objection to the magistrate judge's report did defendant raise the issue that he was precluded from appealing his discharge to the Ohio Adjutant General because of statements made to him by Personnel Specialist Kirkpatrick that "[i]f you don't meet your job requirements, there is no appeal.", and "[t]here is no appealing if you don't meet the job description, period.", (Joint App. at 76), and that later he was told by a Judge Advocate General that he could not appeal his termination because he was too late. (Joint App. at 178). He did not seek to amend his claims to allege that he had been denied due process when his statutory appeal rights were foreclosed by reason of these statements. Nor does he seek to amend now to state that claim. Because the issue of fact which the panel has identified is relevant only to that claim, which plaintiff has never alleged, I respectfully dissent.