William J. FLEMING, Plaintiff–
Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 01–5111.

United States Court of Appeals,
Federal Circuit.

Feb. 27, 2002.

Before NEWMAN, RADER, and
SCHALL, Circuit Judges.

PER CURIAM.

William J. Fleming seeks review of the decision of the United States Court of Federal Claims dismissing his appeal for lack of subject matter jurisdiction. *William J. Fleming v. United States,* No. 00–CV–517 (Fed.Cl. Apr. 13, 2001). We *affirm.*

## DISCUSSION

Mr. Fleming was a technician for the Arizona Army National Guard, employed pursuant to 32 U.S.C. § 709(a). On September 12, 1997, the National Guard terminated Mr. Fleming's employment based on allegations of wrongdoing. The termination decision by the Deciding Official, Col. Gluski, had been reviewed by an administrative hearing examiner (Lt.Col.Pennington), and the Arizona Adjutant General, Maj. Gen. Van Dyke. Mr. Fleming appealed to the Court of Federal Claims. Relying in part on *Booth v. United States,* 990 F.2d 617 (Fed.Cir.1993), the court held that the Civil Service Reform Act of 1978 ("CSRA") denies judicial review to National Guard technicians.

In *Booth* this court held that a National Guard technician employed pursuant to 32 U.S.C. § 709 is not entitled to judicial review of an adverse personnel action, relying on the Supreme Court's interpretation of the CSRA in *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). *Booth,* 990 F.2d at 619. Specifically, in *Booth,* this court found that the CSRA denies judicial review to technicians employed under § 709(a) who, as a condition of employment, are required by § 709(b) to be a member of the National Guard and to hold a specified military grade. *Id.* at 619–20 (citing 5 U.S.C. §§ 7511(b)(5), 8337(h)(1)). The Court of Federal Claims also held that the Administrative Procedure Act does not provide an independent basis of jurisdiction of an appeal by a National Guard technician, and declined to transfer the appeal to a district court.

Mr. Fleming can not distinguish his appeal from the facts and law of *Booth.* Instead, he argues that *Booth* was wrongly decided and should be overruled. However, *Booth* implements the Court's reasoning in *Fausto,* wherein the Court held that the major restructuring of federal employment rights implemented by the CSRA does not include alternative paths of appeal for those few classes of employees for which Congress expressly denied appeal rights to the Merit Systems Protection Board. Since National Guard technicians were expressly excluded from access to judicial review, while provided with a system of review within the National Guard structure, the Court of Federal Claims correctly held that judicial review under the Tucker Act and the Back Pay Act is not available to National Guard technicians.

No costs.