[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 18, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-10438

_____

D. C. Docket No. 02-00739 CV-J-21

DAVID M. BEST,

Plaintiff-Appellant,

versus

ADJUTANT GENERAL,
State of Florida, Department of
Military Affairs,
SECRETARY OF THE AIR FORCE,
CHIEF, NATIONAL GUARD BUREAU,
UNITED STATES OF AMERICA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 18, 2005)**

Before ANDERSON, DUBINA and BLACK, Circuit Judges.

BLACK, Circuit Judge:

Appellant David Best challenges the district court's dismissal of his complaint seeking review under the Administrative Procedure Act (APA) of his removal from his civilian technician position with the Florida Air National Guard (FLANG).[1] We conclude review of Best's removal is precluded by the Civil Service Reform Act (CSRA) and affirm.

## I. BACKGROUND

Best was employed full-time by FLANG as a federal civilian excepted service technician. As a condition of his civilian employment, Best was also a member of FLANG. His civilian duties included safeguarding and controlling Communications Security (COMSEC) information.

On February 1, 2000, Best's second-level supervisor, Major (then Captain) James Stuart, wrote a memorandum concerning the proposed termination of one of Best's coworkers. The memorandum permitted the coworker and his representative "to view pertinent security documents, files or reports relating to the Communications Flight," but expressly denied access to "personal information that relates to security clearance updates or reviews." Best subsequently permitted his coworker and the coworker's representative access to AFCOMSEC Form 1,

---

[1] In his complaint, Best sought review under the APA and relief under 42 U.S.C. § 1983. Before this Court, however, Best relies only on the APA.

Destruction Certificate. A FLANG investigator determined access to this document had not been authorized, and consequently Best's access to classified and restricted information and areas was terminated.

## A.   *Conduct-Based Personnel Action*

On September 15, 2000, Major Stuart proposed Best be removed from his civilian technician employment because of his release of the AFCOMSEC Form 1, as well as several previous infractions. In preparing to respond to the proposed adverse action, Best realized he had not received an annual performance appraisal since 1998 and requested the overdue appraisals.

On November 3, 2000, Colonel Charles Ickes issued a decision that Best be removed from his civilian technician position. Best sought an administrative appeal.

## B.   *Performance-Based Personnel Action*

On November 21, 2000, CMSgt John Clay issued a performance appraisal of Best for the period September 1999 through June 2000. CMSgt Clay rated Best's performance as unacceptable. This rating was due, at least in part, to Best's release of the AFCOMSEC Form 1 to his coworker and the coworker's representative. Best appealed his performance appraisal. On December 18, 2000,

CMSgt Clay informed Best he would be terminated from his civilian position because of his unacceptable performance rating.

On February 8, 2001, the Adjutant General denied Best's appeal of the proposed performance-based termination, and stated Best's termination would be effective February 24, 2001.[2]

Best subsequently brought this action under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, seeking review of the Adjutant General's decision to remove him from his civilian technician position.

## II. DISCUSSION

A.    *Statutory Framework*

"[T]he National Guard is a state agency, under state authority and control," while at the same time governed largely by federal law. *N.J. Air Nat'l Guard v. FLRA*, 677 F.2d 276, 279 (3d Cir. 1982). The National Guard employs military personnel, as well as civilian technicians, to perform administrative, clerical, and technical tasks. *Id.*

The National Guard Technician Act (the NGTA), originally enacted in 1968, provides:

---

[2] Due to the Adjutant General's decision, Best was informed his appeal related to the proposed conduct-based disciplinary action no longer was necessary, and that adverse action against him and the related administrative hearing would be held in abeyance.

(a) Under regulations prescribed by the Secretary of the Army or the Secretary of the Air Force, as the case may be, and subject to subsections (b) and (c), persons may be employed as technicians in—

    (1) the administration and training of the National Guard; and

    (2) the maintenance and repair of supplies issued to the National Guard or the armed forces.

. . . .

    (e) A technician employed under subsection (a) is an employee of the Department of the Army or the Department of the Air Force, as the case may be, and an employee of the United States. However, a position authorized by this section is outside the competitive service if the technician employed in that position is required under subsection (b) to be a member of the National Guard.

32 U.S.C. § 709(a), (e). Best was a FLANG technician required under § 709(b) to be a member of the National Guard. Under § 709(e), therefore, he was an employee of the United States and was outside the competitive service.

In 1978, Congress enacted the Civil Service Reform Act (CSRA). The CSRA "comprehensively overhauled the civil service system, creating an elaborate new framework for evaluating adverse personnel actions against federal employees." *United States v. Fausto*, 484 U.S. 439, 443, 108 S. Ct. 668, 671 (1988) (citations and quotations omitted). The CSRA provisions discussed by the

5

parties as relevant to Best's termination are 5 U.S.C. § 4303 and 5 U.S.C.

§§ 7511–7514.[3]

Section 4303 pertains to an agency's "reduc[tion] in grade or remov[al of]

an employee for unacceptable performance."  5 U.S.C. § 4303(a).  Section 4303

provides procedural protections to employees.  *See* 5 U.S.C. § 4303(b)–(d).  In

addition, specified employees are entitled to appeal to the Merit Systems

Protection Board (MSPB) under 5 U.S.C. § 7701, *see* 5 U.S.C. § 4303(e), and may

obtain judicial review, usually in the Federal Circuit, *see* 5 U.S.C. § 7703.  These

appeal and review rights are extended to:

> (e) Any employee who is—
>
>> (1) a preference eligible;
>>
>> (2) in the competitive service; or
>>
>> (3) in the excepted service and covered by subchapter II of chapter 75,
>
> and who has been reduced in grade or removed under this section . . . .

5 U.S.C. § 4303(e).  Best is not preference eligible, is not in the competitive

service, and, as explained below, is not covered by subchapter II of chapter 75.

---

[3] Best concedes he falls within the CSRA for some purposes, but, as discussed in the text below, argues review of his termination is not encompassed within the CSRA adverse personnel action review provisions.

Subchapter II of Chapter 75 (the provision referenced in § 4303) of the CSRA, also covers removals. 5 U.S.C. §§ 7511–7514. That subchapter addresses (with some exceptions) removals, suspensions for more than 14 days, reductions in grade, reductions in pay, and furloughs of 30 days or less, and allows those actions "only for such cause as will promote the efficiency of the service."[4] 5 U.S.C. §§ 7512 & 7513. An employee falling under this subchapter has the right to certain procedural safeguards, including the right to appeal to the MSPB under 5 U.S.C. § 7701, *see* 5 U.S.C. § 7513(d), and the right to judicial review, usually in the Federal Circuit, *see* 5 U.S.C. § 7703.

Prior to 1990 amendments to the CSRA, employees covered by Subchapter II of Chapter 75 included: "an individual in the competitive service" (with certain qualifiers) and "a preference eligible in an Executive agency in the excepted service, and a preference eligible in the United States Postal Service or the Postal Rate Commission, who has completed 1 year of current continuous service in the same or similar positions." 5 U.S.C. § 7511(a) (1988). In 1990, § 7511 was amended to include within the class of covered employees certain nonpreference eligible excepted service employees, but expressly to exclude employees

---

[4] In its brief, the Government states the Adjutant General based Best's removal on unacceptable job performance. The Government asserts it does not matter whether the removal is covered by Chapter 43 or Chapter 75 because the result is the same either way. We agree.

"described in section 8337(h)(1), relating to technicians in the National Guard." 5

U.S.C. § 7511(a)(1)(C), (b)(5). Plaintiff is an employee falling within Section

8337(h)(1).[5]

B.      *Reviewability*

The issue presented in this case is whether Best may obtain judicial review

under the APA of his removal from his technician position notwithstanding the

fact that he is excluded from the CSRA review provisions. Our resolution of this

issue is controlled by the Supreme Court's decision in *United States v. Fausto*, 484

U.S. 439, 108 S. Ct. 668 (1988).

In *Fausto*, the Supreme Court held the CSRA precluded a claim brought

under the Back Pay Act by a nonpreference eligible excepted service employee of

the Fish and Wildlife Service. *Id.* at 455, 108 S. Ct. at 677. In so holding, the

Supreme Court stated the "CSRA comprehensively overhauled the civil service

system, creating an elaborate new framework for evaluating adverse personnel

actions against federal employees." *Id.* at 443, 108 S. Ct. at 671 (citations and

punctuation omitted). The Court further stated a "leading purpose of the CSRA

---

[5]Section 8337(h)(1) provides:
        As used in this subsection, the term "technician" means an individual
employed under section 709(a) of title 32 or section 10216 of title 10 who, as a
condition of the employment, is required under section 709(b) of title 32 or
section 10216 of title 10, respectively, to be a member of the Selected Reserve.
5 U.S.C. § 8337(h)(1).

8

was to replace the haphazard arrangements for administrative and judicial review of personnel action, part of the 'outdated patchwork of statutes and rules built up over almost a century' that was the civil service system." *Id.* at 444, 108 S. Ct. at 672 (citation omitted). The Court characterized the CSRA as "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *Id.* at 445, 108 S. Ct. at 672.

The Supreme Court then considered the statutory language of the CSRA. It noted the CSRA provides certain procedural protections before an employee can be removed, *id.* at 445–47, 108 S. Ct. at 673 (discussing 5 U.S.C. §§ 4303, 7513), and the CSRA (at that time) did not provide rights to administrative and judicial review to nonpreference eligible excepted service employees like the plaintiff in *Fausto*, *id.* at 446, 108 S. Ct. at 673.

The Court concluded:

> The comprehensive nature of the CSRA, the attention that it gives throughout to the rights of nonpreference excepted service employees, and the fact that it does not include them in provisions for administrative and judicial review contained in Chapter 75, combine to establish a congressional judgment that those employees should not be able to demand judicial review for the type of personnel action covered by that chapter. . . . It seems to us evident that the absence of provision for these employees to obtain judicial review is not an uninformative consequence of the limited scope of the statute, but

9

rather manifestation of a considered congressional judgment that they should not have statutory entitlement to review for adverse action of the type governed by Chapter 75.

*Id.* at 448–49, 108 S. Ct. at 674.

The Supreme Court further stated its conclusion was supported by the structure of the CSRA statutory scheme: some federal employees have preferred status; the MSPB has primacy for administrative resolution of disputes over adverse personnel actions; and the Federal Circuit has primacy for judicial review of such actions. *Id.* at 449, 108 S. Ct. at 674 (citations omitted). The Court pointed out that if the CSRA's failure to include nonpreference federal employees in its review provisions was read simply as an omission and not as a structural decision by Congress to preclude review, nonpreference employees would be able to obtain review not available to preferred employees and such review would undermine the unifying authority of the MSPB, the consistency of interpretation by the Federal Circuit (because claims would be addressed by the other circuits), and Congress's intent in enacting the CSRA to eliminate review in federal courts of first instance. *Id.* at 450–51, 108 S. Ct. at 675.

In 1990, after the Supreme Court's decision in *Fausto*, Congress amended the CSRA to provide MSPB and Federal Circuit review to certain nonpreference eligible excepted service employees, but continued to exclude from the review

provisions employees, like Best, who are "described in section 8337(h)(1), relating to technicians in the National Guard." 5 U.S.C. § 7511(a)(1)(C), (b)(5). Thus, the reasoning of *Fausto* still applies to employees like Best. We therefore hold the CSRA precludes review under the APA of Best's termination from his National Guard technician position.

Our holding is in accordance with the holdings of the other Circuit courts that have addressed the application of *Fausto* to claims brought by National Guard civilian technicians challenging personnel actions against them. In *Booth v. United States*, 990 F.2d 617 (Fed. Cir. 1993), the Federal Circuit relied on *Fausto* to hold the breach of employment contract claim brought by an excepted service technician in the Minnesota National Guard should be dismissed for lack of subject matter jurisdiction. *Id.* at 620. The court concluded: "Because the relief sought by Mr. Booth would require review of his underlying personnel action, the Court of Federal Claims lacked subject matter jurisdiction." *Id.* at 620 (citations omitted). Similarly, the Sixth Circuit in *Leistiko v. Stone*, 134 F.3d 817 (6th Cir. 1998), relied on *Fausto* and *Booth* to dismiss a claim under the APA in a wrongful discharge case brought by a Supervisory Aircraft Pilot employed as an excepted service technician under the NGTA. *Id.* at 819. The court concluded the CSRA

precluded federal court adjudication of the technician's claim for review under the APA:

> It is true that the Administrative Procedure Act provides generally for judicial review of final agency action for which there is no other adequate remedy in a court. 5 U.S.C. § 704. The Act is inapplicable, however, to the extent that other statutes preclude judicial review. 5 U.S.C. § 701(a)(1). As we have seen, the Civil Service Reform Act, as construed by the Supreme Court in *Fausto* and the Federal Circuit in *Booth*, precludes judicial review of adverse personnel actions involving technicians employed under the National Guard Technicians Act.

*Id.* at 820.

Best contends *Booth* and *Leistiko* were erroneously decided and the reasoning of *Fausto* should not apply to technicians like him. Best states that, since 1968, 32 U.S.C. § 709 has excluded Title 32 technicians from Title 5 adverse action administrative and judicial review provisions and has limited administrative review of technician personnel actions to appeals to the Adjutants General. He contends that in 1990, as well as in 1978, the termination of a technician was subject to judicial review and nothing "indicates that Congress intended in 1978 or 1990 to overrule th[o]se precedents." He further contends that, unlike the Title 5 employee at issue in *Fausto*, technicians are not disfavored employees. He argues, moreover, that although the CSRA comprehensively overhauled the Title 5 employee system, it did not do the same for the Title 32 employee system. Best

12

further attempts to distinguish Title 5 employees from Title 32 employees by pointing out that, whereas the CSRA gives primacy to the MSPB for administrative review of personnel actions involving Title 5 employees, 32 U.S.C. § 709(f) gives primacy to the Adjutants General for administrative resolution of personnel actions involving Title 32 employees.

We reject Best's arguments. All of the decisions Best cites for the proposition that in 1978 and 1990 the termination of a technician was judicially reviewable were issued before the Supreme Court's decision in *Fausto*. After *Fausto*, the law was established that judicial review was not available to technicians like Best and other nonpreference eligible excepted service employees. When Congress amended the CSRA after *Fausto* to permit judicial review for certain nonpreference eligible excepted service employees, it expressly excluded technicians like Best from the amendment. Thus, the amendment did not affect the applicability of the reasoning of *Fausto* to employees like Best. Furthermore, contrary to Best's argument, Best, under the CSRA review provisions, is "disfavored" to the same extent as was the plaintiff in *Fausto*. To give him review not available to more favored federal employees would turn an important structural element of the CSRA upside down. *Fausto*, 484 U.S. at 449, 108 S. Ct. at 674. Finally, even accepting Best's argument that the CSRA does not give the

13

same degree of attention to Title 32 technicians as it gives to Title 5 employees, the fact remains that the CSRA does include technicians in its comprehensive statutory scheme and does address technicians in its review provisions. On these grounds, we reject Best's argument. To hold otherwise would reinstitute, at least in part, the haphazard arrangements for judicial review of personnel actions the CSRA was enacted to prevent. *Fausto*, 484 U.S. at 444, 108 S. Ct. at 672.

Based upon both the statutory scheme and the Supreme Court's decision in *Fausto*, we hold review of Best's removal is precluded by the CSRA.[6] If this is not the result intended by Congress, Congress can amend the Act, just as it did in 1990 after the Supreme Court issued its decision in *Fausto*. Such action is the prerogative of Congress, not of the courts.

## III. CONCLUSION

For the foregoing reasons, we hold review of Best's removal from his civilian technician position with the Florida Air National Guard is precluded by the CSRA.

AFFIRMED.

---

[6] The district court dismissed for lack of subject matter jurisdiction. The dismissal should, however, have been based on Best's failure to state a claim. *See Lee v. Hughes*, 145 F.3d 1272, 1277 n.6 (11th Cir. 1998) (stating district court should have dismissed for failure to state a claim, not for lack of subject matter jurisdiction, where federal employee's *Bivens* claim was precluded by the CSRA).