NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE PIECZENIK,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1376

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00111-LAS, Senior Judge Loren A. Smith.

---

Decided: August 8, 2023

---

GEORGE PIECZENIK, Stockton, NJ, pro se.

HAYLEY A. DUNN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, GARY LEE HAUSKEN.

---

Before PROST, CLEVENGER, and CHEN, *Circuit Judges.*

PER CURIAM.

Dr. George Pieczenik brought claims of infringement of U.S. Patent No. 5,866,363 ("the '363 patent") against the United States in the Court of Federal Claims. The Court of Federal Claims dismissed Dr. Pieczenik's complaint, concluding that it lacked subject-matter jurisdiction over the claims as pleaded. For the reasons outlined below, we affirm.

BACKGROUND

Dr. Pieczenik is the owner and sole inventor of the '363 patent, titled "method and means for sorting and identifying biological information." (capitalization normalized). His complaint alleged, among other things, that "[b]eginning at least as early as 1993, various components of . . . the DOD, NIH and the NCI have entered into funding agreements, grants, clinical therapy, [and] licensing agreements with various pharmaceutical [companies] and individuals who have a history of using the technology and products described in the '363' [patent] for clinical and research purposes including . . . development and distribution of monoclonal antibodies, phage display libraries, recombinant antibodies, recombinant antigens and peptides." S.A. 1009.[1] It also alleged that the government had "licensed [U.S. Patent No. 7,041,441] to various pharmaceutical companies," which amounted to "a direct taking of the invention first described in [the '363 patent]." *Id.* The complaint further attached several postings in the Federal Register describing various patents and provisional applications as "owned by an agency of the U.S. Government and . . . available for licensing." J.A. 1011–13. It alleged that the "work" in these postings "takes from" the '363 patent. *Id.*

---

[1]    S.A. refers to the supplemental appendix submitted by the government.

In addition to mentioning the Takings Clause and alleging that certain actions described were takings, the complaint also alleged that it was "an action under 28 U.S.C. § 1498(a) . . . for the unlicensed use, manufacture[,] and infringement by or on behalf of the United States" of the '363 patent. S.A. 1008.

The government moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim. The Court of Federal Claims granted the motion on 12(b)(1) grounds while noting that dismissal under 12(b)(6) may have also been warranted because the complaint "alleges little more than conclusory statements of liability." S.A. 1005 n.1. The court concluded that the complaint cited two jurisdictional grounds, neither of which were supported: (1) the Takings Clause; and (2) 28 U.S.C. § 1498(a). S.A. 1002 (citing complaint at ¶¶ 2, 4).

As for jurisdiction under the Tucker Act based on the Takings Clause, the Court of Federal Claims determined that "patent claims against the federal government, or its contractors, must be pursued . . . exclusively under 28 U.S.C. § 1498." S.A. 1003. Thus, the court concluded that the Tucker Act and Takings Clause could not supply jurisdiction over Dr. Pieczenik's claims.

With respect to jurisdiction under 28 U.S.C. § 1498(a), the Court of Federal Claims concluded that the complaint lacked sufficient factual allegations to establish the conditions of the government's waiver of sovereign immunity under 28 U.S.C. § 1498(a). Specifically, after concluding that Dr. Pieczenik's claim rested only on a theory of use or manufacture *for* the government—a conclusion that Dr. Pieczenik does not challenge—the Court of Federal Claims determined that there were insufficient allegations either of benefit to or authorization by the government. S.A. 1004–05. The court therefore dismissed the complaint.

Dr. Pieczenik timely appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review the Court of Federal Claims' grant of a motion to dismiss on jurisdictional grounds de novo.  *Estes Exp. Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).  Because "[s]overeign immunity is jurisdictional in nature," *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), prerequisites for the government's waiver of immunity are evaluated under 12(b)(1).  A plaintiff "bears the burden of showing that the United States waived immunity for his suit in the Court of Federal Claims." *Booth v. United States*, 990 F.2d 617, 619 (Fed. Cir. 1993); *see also Blueport Co. v. United States*, 533 F.3d 1374, 1381 (Fed. Cir. 2008).  We "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).[2]

The Court of Federal Claims correctly concluded that it lacked Tucker Act jurisdiction over Dr. Pieczenik's infringement claims premised on the Takings Clause.  As this court has explained, "28 U.S.C. § 1498 provides the only avenue for a patent owner to bring an action against the government for patent infringement." *Golden v. United States*, 955 F.3d 981, 987 (Fed. Cir. 2020).  The Tucker Act does not waive sovereign immunity for claims sounding in tort and "a patent infringement action 'is one sounding in tort.'" *Id.* (quoting *Schillinger v. United States*, 155 U.S. 163, 169 (1894)).  Further, there is no support for Dr. Pieczenik's suggestion that a contractual interest supports

---

[2]    Here, the government did not raise any factual disputes about the complaint's allegations in its 12(b)(1) motion to dismiss.  *Cf. Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988).

jurisdiction here. *See* Appellant's Br. 7–8. The complaint does not allege an agreement between Dr. Pieczenik and any other party, so Tucker Act jurisdiction based on breach of (or interference with) contractual rights is also inapt.

Next, we also agree that the complaint's allegations do not support jurisdiction under 28 U.S.C. § 1498(a). Section 1498(a) serves as a limited waiver of the government's sovereign immunity "[w]henever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same." 28 U.S.C. § 1498(a). This waiver of immunity is also forum specific, allowing only actions brought in the Court of Federal Claims. *Id.* Dr. Pieczenik's complaint was appropriately dismissed because it does not present a nonconclusory allegation of use or manufacture of his invention "for the United States" within the meaning of § 1498(a).

An accused use is "for the United States" where it is (1) for the government's benefit; and (2) authorized or consented to by the government. *Hughes Aircraft Co. v. United States*, 534 F.2d 889, 897–98 (Ct. Cl. 1976); *see also* 28 U.S.C. § 1498(a). A government contractor's use is for the government's benefit when undertaken pursuant to a government contract that provides services the government sought. *Sevenson Env't Servs., Inc. v. Shaw Env't, Inc.*, 477 F.3d 1361, 1366 (Fed. Cir. 2007). Even when a third party's use is pursuant to such a contract, it is still not "for the United States" unless the government provided authorization and consent specifically for the accused use. *Id.* at 1367. Here, the complaint provides a conclusory allegation that "[p]ursuant to cooperative agreement and grant documents and correspondence described below . . . [governmental agencies] granted 'authorization and consent' to various laboratories for all use and manufacture of the technologies recited in the '363 [p]atent in the performance of the relevant grants and contracts." S.A. 1008. The

complaint does not describe those agreements and grants. Instead, the complaint generally alleges that "[t]he '363 [i]nvention is used in research and clinical treatments" and that the government has entered into agreements with entities that "have a history of using the technology and products described in the" '363 patent. S.A. 1009. These allegations are plainly insufficient. *See Crow Creek Sioux Tribe v. United States*, 900 F.3d 1350, 1354–55 (Fed. Cir. 2018) (holding that facial challenges to subject-matter jurisdiction are subject to the "plausibility" requirement and that conclusory statements are not sufficient). Even assuming the government was a beneficiary of one of these agreements, there are no factual allegations linking the accused use *to* the alleged agreements. In fact, there are no factual allegations linking the accused use to any authorization and consent by the government, whether pursuant to these agreements or otherwise.[3] Since the complaint does not contain sufficient factual allegations of an accused use "for the United States," the Court of Federal Claims

---

[3]    Because the complaint here does not provide any nonconclusory allegation of authorization we need not address the extent to which that requirement could blend with the overall requirements of proving a claim under § 1498(a). *Cf. Spruill v. MSPB*, 978 F.2d 679, 686–88 (Fed. Cir. 1992) (discussing confusing "the question of subject matter jurisdiction . . . with the question of entitlement to relief" where "the facts which establish jurisdiction are intertwined with the facts which determine the merits of the cause"). Further, since this motion to dismiss involved a facial attack on the complaint, any procedural concerns related to early-stage factual attacks on intertwined merits questions are inapplicable here. *Cf. CNA v. United States*, 535 F.3d 132, 143 (3d Cir. 2008) (discussing different circuits' approaches to this concern).

correctly concluded that it did not have jurisdiction under § 1498(a).[4]

## CONCLUSION

We have considered Dr. Pieczenik's remaining arguments and find them unpersuasive. We affirm the Court of Federal Claims' dismissal for lack of jurisdiction.

## **AFFIRMED**

## COSTS

No costs.

---

[4]    We decline to reach Dr. Pieczenik's cursory request on appeal that he be "given an opportunity to file an amended complaint, if that be necessary," Appellant's Br. 12, because he did not move for leave to amend or file a proposed amended complaint at the Court of Federal Claims in the first instance. *Cf. Refaei v. United States*, 725 F. App'x 945, 951–52 (Fed. Cir. 2018).