ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Red Bobtail Transportation | ) ASBCA No. 63789 |
| | ) |
| Under Contract No. HTC711-14-D-R028 | ) |

APPEARANCE FOR THE APPELLANT:          Michael D. Maloney, Esq.
                                        Williams Mullen PC
                                        Tyson, VA

APPEARANCES FOR THE GOVERNMENT:    Caryl A. Potter, III, Esq.
                                        Air Force Deputy Chief Trial Attorney
                                     Geoffrey R. Townsend, Esq.
                                     Patricia W. Walter, Esq.
                                        Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE MELNICK DENYING THE
GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

In this breach of contract action, Red Bobtail Transportation (RBT) seeks to recover allegedly improper deductions taken from its mission payments under the contract identified above. It seeks $143,205.90. The government has requested dismissal of the appeal for lack of jurisdiction under 41 U.S.C. § 7103(a)(4)(A), arguing that RBT submitted its claim more than six years after it accrued.

The six-year statute of limitations for submittal of claims contained in 41 U.S.C. § 7103(a)(4)(A) is not jurisdictional. Hence, it is not a basis to dismiss an appeal for lack of jurisdiction. *Raytheon Co.*, ASBCA No. 58849, 15-1 BCA ¶ 36,000 at 175,865 (citing *Sikorsky Aircraft Corp. v. United States*, 773 F.3d 1315, 1320-22 (Fed. Cir. 2014)). Instead, it is an affirmative defense upon the merits. *Id.* This is no minor technicality. A motion to dismiss for lack of jurisdiction presents a threshold challenge to the Board's jurisdiction while a merits challenge has res judicata effect. *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

The Federal Rules of Civil Procedure (which guide us) require treating motions to dismiss for failure to state a claim or for judgment on the pleadings as motions for summary judgment under certain conditions. FED. R. CIV. P. 12(d). But there is no similar provision dictating that a motion to dismiss for lack of jurisdiction be treated in that manner and doing so without prior notice to the parties is improper. *Booth v. United States*, 990 F.2d 617, 620-21 (Fed. Cir. 1993) (rejecting a trial court's creation and resolution of a motion for summary judgment without giving prior notice when it

converted a motion to dismiss for lack of jurisdiction into a motion to dismiss for failure to state a claim and then into a motion for summary judgment). Historically, the Board has declined at the outset to use the briefing of a jurisdictional motion to rule upon the merits. *Raytheon*, 15-1 BCA ¶ 36,000 at 175,865-66; *Tele-Consultants, Inc.*, ASBCA No. 58129, 13 BCA ¶ 35,234 at 172,994; *Aries Marine Corp.*, ASBCA No. 37826, 90-1 BCA ¶ 22,484 at 112,846-47; *see also Haase*, 835 F.2d at 906 (holding "the impropriety of transforming [motions to dismiss for lack of jurisdiction] . . . into summary judgment motions is well-settled." (quoting *Gordon v. Nat'l Youth Work All.*, 675 F.2d 356, 363 n.18 (D.C. Cir. 1982))); *but see Thai Hai*, ASBCA No. 53375, 02-2 BCA ¶ 31,971 at 157,920-21 (considering a motion to dismiss as one for summary judgment when both parties treated it that way and after they conducted discovery), *aff'd,* 82 F. App'x 226 (Fed. Cir. 2003). Sound reasons support that result, such as that the government bears the burden of proving its affirmative defense, rather than RBT bearing the burden to establish jurisdiction. *Raytheon Co.*, 15-1 BCA ¶ 36,000 at 175,865. To succeed upon a motion for summary judgment the government would have to show there are no genuine disputes as to any material fact. FED. R. CIV. P. 56(a). The government's motion does not recognize that it must meet that test, much less purport to demonstrate that it has. Fair notice of a summary judgment motion is necessary for the party opposing to ensure that it has been afforded the opportunity to present all pertinent materials. *Booth*, 990 F.2d at 620-21. Though Federal Rule of Civil Procedure 56(f)(3) permits consideration of summary judgment independent of a motion, consistent with applicable precedent it may only happen after giving notice and reasonable time to respond, and only after identifying material facts that may not be genuinely in dispute. *Id.* We have not done that. As in *Tele-Consultants*, the better approach is for the parties to initially address this matter in appropriate merits proceedings. 13 BCA ¶ 35,234 at 172,994.

The motion to dismiss for lack of jurisdiction is denied.

Dated: June 11, 2024

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

2

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63789, Appeal of Red Bobtail Transportation, rendered in conformance with the Board's Charter.

Dated:  June 12, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

3