ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                         )
                                                    )
Red Bobtail Transportation                          )      ASBCA No. 63788
                                                    )
Under Contract No. HTC711-14-D-R028                 )

APPEARANCE FOR THE APPELLANT:          Michael D. Maloney, Esq.
                                         Williams Mullen PC
                                         Tysons, VA

APPEARANCES FOR THE GOVERNMENT:        Caryl A. Potter, III, Esq.
                                         Air Force Deputy Chief Trial Attorney
                                       Geoffrey R. Townsend, Esq.
                                       Patricia W. Walter, Esq.
                                         Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE MELNICK DENYING THE
GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

In this breach of contract action, Red Bobtail Transportation (RBT) claims to
have performed 173 trucking missions under the transportation contract identified
above. It alleges that the government failed to reimburse it as promised and seeks
$47,431.57. RBT elected to proceed under Board Rule 12.3's provision for accelerated
proceedings. The government has requested dismissal of the appeal for lack of
jurisdiction under 41 U.S.C. § 7103(a)(4)(A), arguing that RBT submitted its claim
more than six years after it accrued. Upon the filing of that motion, on February 28,
2024 the Board issued an order holding RBT's Rule 12.3 election in abeyance pending
resolution of the government's motion.

The six-year statute of limitations for submittal of claims contained in
41 U.S.C. § 7103(a)(4)(A) is not jurisdictional. Hence, it is not a basis to dismiss an
appeal for lack of jurisdiction. *Raytheon Co.*, ASBCA No. 58849, 15-1 BCA ¶ 36,000
at 175,865 (citing *Sikorsky Aircraft Corp. v. United States*, 773 F.3d 1315, 1320-22
(Fed. Cir. 2014)). Instead, it is an affirmative defense upon the merits. *Id.* This is no
minor technicality. A motion to dismiss for lack of jurisdiction presents a threshold
challenge to the Board's jurisdiction while a merits challenge has res judicata effect.
*See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

The Federal Rules of Civil Procedure (which guide us) require treating motions
to dismiss for failure to state a claim or for judgment on the pleadings as motions for
summary judgment under certain conditions. FED. R. CIV. P. 12(d). But there is no

similar provision dictating that a motion to dismiss for lack of jurisdiction be treated in that manner and doing so without prior notice to the parties is improper. *Booth v. United States*, 990 F.2d 617, 620-21 (Fed. Cir. 1993) (rejecting a trial court's creation and resolution of a motion for summary judgment without giving prior notice when it converted a motion to dismiss for lack of jurisdiction into a motion to dismiss for failure to state a claim and then into a motion for summary judgment). Historically, the Board has declined at the outset to use the briefing of a jurisdictional motion to rule upon the merits. *Raytheon*, 15-1 BCA ¶ 36,000 at 175,865-66; *Tele-Consultants, Inc.*, ASBCA No. 58129, 13 BCA ¶ 35,234 at 172,994; *Aries Marine Corp.*, ASBCA No. 37826, 90-1 BCA ¶ 22,484 at 112,846-47; *see also Haase*, 835 F.2d at 906 (holding "the impropriety of transforming [motions to dismiss for lack of jurisdiction] . . . into summary judgment motions is well-settled." (quoting *Gordon v. Nat'l Youth Work All.*, 675 F.2d 356, 363 n.18 (D.C. Cir. 1982))); *but see Thai Hai*, ASBCA No. 53375, 02-2 BCA ¶ 31,971 at 157,920-21 (considering a motion to dismiss as one for summary judgment when both parties treated it that way and after they conducted discovery), *aff'd,* 82 F. App'x 226 (Fed. Cir. 2003). Sound reasons support that result, such as that the government bears the burden of proving its affirmative defense, rather than RBT bearing the burden to establish jurisdiction. *Raytheon Co.*, 15-1 BCA ¶ 36,000 at 175,865. To succeed upon a motion for summary judgment the government would have to show there are no genuine disputes as to any material fact. FED. R. CIV. P. 56(a). The government's motion does not recognize that it must meet that test, much less purport to demonstrate that it has. Fair notice of a summary judgment motion is necessary for the party opposing to ensure that it has been afforded the opportunity to present all pertinent materials. *Booth*, 990 F.2d at 620-21. Though Federal Rule of Civil Procedure 56(f)(3) permits consideration of summary judgment independent of a motion, consistent with applicable precedent it may only happen after giving notice and reasonable time to respond, and only after identifying material facts that may not be genuinely in dispute. *Id.* We have not done that.

Finally, Rule 12.3 requires a decision whenever possible within 180 days of appellant's election to utilize its expedited procedures. At least in the appeal before us, requiring a re-briefing of the timeliness issue as a motion for summary judgment, considering and deciding it, and then potentially obtaining briefing and issuing a separate decision on other aspects of the merits case would add layers of process making our timely resolution of this appeal far more challenging than necessary, if even possible. The government remains free to raise its timeliness issues as part of the ultimate disposition of the appeal.

The motion to dismiss for lack of jurisdiction is denied. The Board's abeyance order dated February 28, 2024 is lifted and the appeal will be adjudicated pursuant to Board Rule 12.3.

Dated: June 11, 2024

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63788, Appeal of Red Bobtail Transportation, rendered in conformance with the Board's Charter.

Dated: June 11, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

3